UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cesar A.S.,                                              File No. 26-cv-2255 (ECT/DTS)

       Petitioner,

v.                                                      **OPINION AND ORDER**

Joel Brott, *Sheriff, Sherburne County Jail,
Elk River, MN*; David Easterwood, *Director
of St. Paul Field Office, U.S. Immigration
and Customs Enforcement*; Markwayne
Mullin, *Secretary of the U.S. Department of
Homeland Security*; and Todd Blanche,
*Attorney General of the United States, in
their official capacities*,

       Respondents.

---

Danielle Oxendine Molliver, Nwokocha & Operana Law Offices, Minneapolis, MN, for
Petitioner Cesar A.S.

Carl Berry and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for
Respondents David Easterwood, Markwayne Mullin, and Todd Blanche.

---

Petitioner Cesar A.S. is a Venezuelan citizen who has lived in the United States since 2023, when he entered the country without inspection. Pet. [ECF No. 1] ¶ 15; *see* ECF No. 9-1 at 1 (Cesar's Form I-862 showing that he arrived in the country without inspection on September 16, 2023). He was then released on recognizance. ECF No. 9-2. U.S. Immigration and Customs Enforcement arrested him in Lakeville, Minnesota, on April 13, 2026. Pet. ¶ 16; ECF No. 9-3 at 2 (Form I-213); ECF No. 9-4 (Form I-200 arrest warrant). He is detained in the Sherburne County Jail in Elk River, Minnesota. *Id.* ¶ 17.

His upcoming Master Calendar Hearing before an immigration judge is scheduled for May 5, 2026, at Fort Snelling, Minnesota. *Id.*

Cesar challenged his detention by filing a Petition for Writ of Habeas Corpus. *Id.* ¶ 5; *see* 28 U.S.C. § 2241. He contends that he was not "seeking admission" to the United States but was "present in the country," and has been incorrectly classified as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather than under 8 U.S.C. § 1226(a). Pet. ¶¶ 18. 25, 27. That misclassification, he alleges, means he was deprived of his right to a bond hearing under § 1226(a). *Id.* ¶¶ 18, 27. According to Cesar, that deprivation violated the Fifth Amendment's Due Process Clause, *id.* ¶¶ 37–39, immigration statutes, *id.* ¶¶ 40–43, and the Administrative Procedure Act ("APA"), *id.* ¶¶ 44–47. He requests an order requiring his immediate release, or, in the alternative, an order setting a bond hearing. *Id.* at 12. Cesar also seeks preliminary injunctive relief on the same grounds. ECF No. 3 at 3–5.

The Eighth Circuit has rejected Cesar's legal theory. It holds that noncitizens who are "present in the United States and who ha[ve] not been admitted" are necessarily "seeking admission," so they are subject to mandatory detention under § 1225(b)(2). *Avila v. Bondi*, 170 F.4th 1128, 1134, 1138 (8th Cir. 2026). In reply, Cesar concedes that *Avila* rules out his statutory argument. ECF No. 10 at 1.

Cesar continues to press his due process claim, but this cause of action is contingent on his §§ 1225 and 1226 argument, so it is also unsuccessful. He claims that his due process rights have been violated because he is "classified as a mandatory detainee under 8 U.S.C. § 1225(b)(2)," Pet. ¶ 38, and his reply brief repeats these arguments, ECF No. 10

at 4 ("It is a straightforward application of the Due Process Clause: the government may not detain a person under a statute that does not apply to them, and civil detention must remain reasonably related to its purpose.").  These arguments fail because, under *Avila*, Cesar is a noncitizen seeking admission to the United States, so he may be subjected to mandatory detention under § 1225(b)(2).  *See Avila*, 170 F.4th at 1138.  In places, Cesar's reply brief describes other potential due-process violations.  *See* ECF No. 10 at 2 ("[Cesar] has been in the U.S. for years, has a pending asylum application that was timely filed, and has a job and valid employment authorization.").  These factual statements are not in the petition or the record.  The petition asserts "[o]n information and belief," that Cesar "is eligible for relief from removal, including asylum," not that he has applied for asylum.  Pet. ¶ 17.  These unsubstantiated reasons do not justify the relief he seeks.  Lastly, Cesar's APA claim fails for the same reason that it does no more than repeat the foreclosed §§ 1225 and 1226 argument.  *See* Pet. ¶ 42 ("Under 8 U.S.C. § 1226(a) and its associated regulations, [Cesar] is entitled to bond.").

Because under binding precedent Cesar is not entitled to habeas relief, no preliminary injunction or temporary restraining order will issue, *see Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (setting out preliminary-injunction framework); *Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018) (treating "likelihood of success on the merits" as "[t]he most important factor"), and his petition will be denied.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.     Petitioner Cesar A.S.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2.     The Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 2] is **DENIED**.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 22, 2026                         s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court